■ CLARA S. J. McCRACKEN, Appellant, v. JOHN E. McCRACKEN, Respondent.— Order, Supreme Court, New York County, entered December 26, 1973, affirmed, without costs and without disbursements. In support of her contention that the alimony award of $225 weekly is inadequate plaintiff focuses upon the finding that the defendant now has a gross income of $43,800 yearly. The trial court, however, did not ignore that fact but considered it in relation to the totality of all relevant factors (*Kover* v. *Kover,* 29 N Y 2d 408), including the 1969 agreement pursuant to which plaintiff received shares of stock valued at $70,000 (producing income in the amount of $3,600 yearly) and full title to the parties' co-operative apartment valued in excess of $200,000. And, it is to be noted that the property so transferred to the plaintiff appears to have represented the major portion of defendant's entire assets. Additionally, it was found by the trial court that plaintiff's estimates of her needs were " exaggerated and not in keeping with the income of defendant while the parties resided together." While there are no fixed or precise formulas to be used in determining whether an alimony award is adequate, we believe that the record herein supports the findings made by the trial court and that the award, when considered in conjunction with the parties' respective assets, constitutes a proper measure of defendant's continued obligation to support plaintiff so that she might be maintained according to the parties' prior standard of living. Concur — Markewich, J. P., Tilzer and Capozzoli, JJ.; Kupferman and Murphy, JJ., dissent in the following memorandum by Murphy, J.: We would modify the $225 weekly alimony award by separating therefrom the amount representing defendant's prior contractual obligation to pay for the carrying charges and maintenance of plaintiff's co-operative apartment and require the husband to continue paying for such items plus permanent alimony of $150 a week.

After a 31-year marriage plaintiff obtained a divorce because of defendant's cruel and inhuman treatment. Since defendant was then unemployed, the 1972 divorce judgment granted plaintiff leave to apply for alimony if defendant's fortunes improved. They did and he now earns approximately $43,800. In 1969, prior to the institution of the divorce action, the parties tried to reconcile their marital difficulties. Defendant transferred to his wife some securities then worth about $70,000 and his interest in the marital abode (a co-operative apartment) together with its furniture and furnishings. Simultaneously, he obligated himself to pay for the rent and maintenance of the apartment for so long as plaintiff resided therein. This obligation was enforced several times when defendant defaulted. The $225 weekly award granted below includes defendant's above-described contractual obligation. Since the carrying charges approximate $8,085 a year, the net effect is to leave plaintiff with only $3,600 a year to meet her other needs. Moreover, since the award is all-inclusive, plaintiff must now also bear the full tax burden of these payments. While it is true that plaintiff now owns a co-operative apartment and a considerable number of Mobil Oil shares, the former is nonincome producing and the annual yield from the latter is only about $3,600. In short, we believe our suggestion represents a more appropriate balancing of the several factors and circumstances to be taken into account in fixing permanent alimony. (Cf. *Kover* v. *Kover*, 29 N Y 2d 408.) If plaintiff should sell the apartment, thereby increasing her assets available for investment and relieving defendant of his contractual obligation, an appropriate modification of the award could then be sought.